**DAVID H. ANGELI**, OSB No. 020244
david@angelilaw.com
**MICHELLE HOLMAN KERIN**, OSB No. 965278
michelle@angelilaw.com
**PETER HAWKES**, OSB No. 071986
peter@angelilaw.com
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

**CHRISTOPHER S. YATES** (admitted *pro hac vice*)
Chris.Yates@lw.com
**ELIZABETH H. YANDELL** (admitted *pro hac vice*)
Elizabeth.Yandell@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

**LAWRENCE E. BUTERMAN** (admitted *pro hac vice*)
Lawrence.Buterman@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY  10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

**ANNA M. RATHBUN** (admitted *pro hac vice*)
Anna.Rathbun@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| O.M., by and through her parent and guardian, K.C. MOULTRIE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NATIONAL WOMEN'S SOCCER LEAGUE, LLC,<br><br>　　　　　Defendant. | Case No. 3:21-cv-00683-IM<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT NATIONAL WOMEN'S SOCCER LEAGUE, LLC**<br><br>JURY TRIAL DEMANDED |

Defendant National Women's Soccer League, LLC ("NWSL" or the "League") submits its Answer and Affirmative Defenses to Plaintiff O.M.'s Complaint (ECF No. 1). The NWSL denies each and every allegation in the Complaint's section headings and in all portions of the Complaint not contained in numbered paragraphs, and answers as follows:

1. The NWSL lacks information and belief as to the allegations in Paragraph 1 and denies those allegations, and implications from such allegations, on that basis.

2. In response to the allegations in Paragraph 2, the NWSL acknowledges that in 2013, before it played its first season and before any member-team operators joined the League, the NWSL unilaterally adopted a rule requiring players to be at least 18 years old to be employed by the League ("the Age Rule") and that the Age Rule remained in effect since its adoption in 2013 until the Court issued the Temporary Restraining Order in this case on May 24, 2021, when the League ceased applying the Age Rule to O.M. The NWSL denies, or lacks information and belief to respond to and on that basis denies, the remaining allegations in Paragraph 2.

3. The allegations in Paragraph 3 are legal conclusions to which no response is required. To the extent that a response is required, the NWSL denies the allegations, and implications from such allegations, in that paragraph.

4. The NWSL denies, or lacks information and belief to respond to and on that basis denies, the allegations in Paragraph 4.

5. The allegations in Paragraph 5 do not concern the NWSL and therefore do not require a response. To the extent a response is required, the NWSL lacks information and belief to respond to the allegations in Paragraph 5, and therefore denies them.

6. The NWSL denies the allegations, and implications from such allegations, in the last sentence of Paragraph 6. The remaining allegations in Paragraph 6 do not concern the

NWSL and therefore do not require a response. To the extent that a response is required, NWSL denies the allegations, and implications from such allegations, in that paragraph.

7. In response to the allegations in Paragraph 7, on information and belief, the NWSL acknowledges that, if O.M. were invited to join the U.S. Women's National Team, her minority status alone would not prevent her from doing so. Except as expressly so alleged, the NWSL denies the remaining allegations, and implications from such allegations, in Paragraph 7.

8. In response to the allegations in Paragraph 8, the NWSL acknowledges, on information and belief, that O.M. has had an arrangement with the Portland Thorns. Except as expressly so alleged, the NWSL denies, or lacks information and belief to respond to and on that basis denies, the remaining allegations in Paragraph 8.

9. The NWSL denies the allegations, and implications from such allegations, in Paragraph 9.

10. The NWSL denies the allegations, and implications from such allegations, in the first two sentences of Paragraph 10. The remaining allegations in Paragraph 10 have been mooted by events that have taken place since the Complaint was filed and therefore do not require a response. To the extent a response is required, the NWSL acknowledges that Plaintiff has signed an employment contract with the NWSL and that her rights have been assigned to the Portland Thorns. Except as expressly so alleged, to the NWSL denies the remaining allegations, and implications from such allegations, in Paragraph 10.

11. In response to the allegations in Paragraph 11, the NWSL acknowledges that the League's 2021 Challenge Cup tournament started on April 9, 2021, that the League's regular season started on May 15, 2021, and that Plaintiff's lawsuit seeks injunctive relief. Except as

expressly so alleged, the NWSL denies the remaining allegations, and implications from such allegations, in Paragraph 11.

12. In response to the allegations in Paragraph 12, the NWSL acknowledges that O.M. is a minor child, and that her claims were brought on her behalf by her guardian, K.C. Moultrie. The NWSL is informed and believes that O.M. and her guardian K.C. Moultrie reside in Wilsonville, Oregon. Except as expressly so alleged, the NWSL denies the remaining allegations, and implications from such allegations, in Paragraph 12.

13. In response to the allegations in Paragraph 13, the NWSL acknowledges that it is a limited liability company organized under the laws of Delaware, and its principal office is in Chicago, Illinois.

14. The NWSL denies the allegations, and implications from such allegations, in Paragraph 14.

15. The allegations in Paragraph 15 are legal conclusions to which no response is required. To the extent that a response is required, the NWSL denies the allegations, and implications from such allegations, in Paragraph 15.

16. In response to the allegations in Paragraph 16, the NWSL acknowledges that it is informed and believes that Plaintiff resides in Wilsonville, Oregon, and that at the time of the Complaint's filing, Plaintiff had an arrangement pursuant to which she participated in some practices with the Portland Thorns. The remaining allegations in Paragraph 16 are legal conclusions to which no response is required. To the extent that a response is required, the NWSL denies the allegations, and implications from such allegations, in Paragraph 16.

17. In response to the allegations in Paragraph 17, the NWSL acknowledges that its members operate teams in ten states, that those teams travel between states to play games, and that

some League games are broadcast via television, radio, or the internet. The remaining allegations in Paragraph 17 are legal conclusions to which no response is required. To the extent that a response is required, the NWSL denies the allegations, and implications from such allegations, in Paragraph 17.

18. In response to Paragraph 18, the NWSL incorporates herein by reference its responses to Paragraphs 1-17 of the Complaint.

19. In response to the allegations in Paragraph 19, the NWSL acknowledges that it is informed and believes O.M. to have been born in September 2005. Except as expressly so alleged, the NWSL denies the remaining allegations, and implications from such allegations, in Paragraph 19.

20. The NWSL lacks information and belief as to the allegations in Paragraph 20 and denies those allegations, and implications from such allegations, on that basis.

21. The NWSL lacks information and belief as to the allegations in Paragraph 21 and denies those allegations, and implications from such allegations, on that basis.

22. In response to the allegations in Paragraph 22, the NWSL acknowledges that Plaintiff had an arrangement pursuant to which she participated in some practices with the Portland Thorns. Except as expressly so alleged, the NWSL lacks information and belief as to the remaining allegations in Paragraph 22 and denies those allegations, and implications from such allegations, on that basis.

23. The NWSL lacks information and belief as to the allegations in Paragraph 23 and denies those allegations, and implications from such allegations, on that basis.

24. The NWSL lacks information and belief as to the allegations in Paragraph 24 and denies those allegations, and implications from such allegations, on that basis.

25.     The NWSL denies the allegations, and implications from such allegations, in the last sentence of Paragraph 25.  The NWSL lacks information and belief as to the remaining allegations in Paragraph 25 and denies those allegations, and implications from such allegations, on that basis.

26.     In response to the allegations in Paragraph 26, the NWSL acknowledges that it is currently the only professional Division 1 women's soccer league in the United States.  Except as expressly so alleged, the NWSL denies the remaining allegations, and implications from such allegations, in Paragraph 26.

27.     In response to the allegations in Paragraph 27, the NWSL acknowledges that its members operate ten teams.  The NWSL further acknowledges that (i) players on the U.S. Women's National Team are employed by the United States Soccer Federation, not by the NWSL, and that some of those players' rights are "allocated" to NWSL teams; (ii) in 2018, the NWSL signed a Voluntary Recognition Agreement with the NWSL Players Association, pursuant to which the NWSL Players Association became the recognized players' union for the NWSL; (iii) the NWSL and the NWSL Players Association are currently engaged in collective bargaining negotiations towards a formal collective bargaining agreement ("CBA"), and such negotiations began before O.M. filed this lawsuit; and (iv) the current and ongoing collective bargaining negotiations have not yet resulted in a CBA.  Except as expressly so alleged, the NWSL denies the remaining allegations, and implications from such allegations, in Paragraph 27.

28.     In response to the allegations in Paragraph 28, the NWSL acknowledges that as part of ongoing bargaining towards a formal CBA, the NWSL PA provided a proposed, full CBA

in late March of 2021. Except as expressly so alleged, the NWSL denies the remaining allegations, and implications from such allegations, in Paragraph 28.

29. The allegations in Paragraph 29 contain legal conclusions to which no response is required. In response to the allegations in Paragraph 29 that are not legal conclusions, the NWSL acknowledges that the teams in the NWSL seek to win games and thereby generate revenue for the League. Except as expressly so alleged, the NWSL denies the remaining allegations, and implications from such allegations, in that paragraph.

30. In response to the allegations in Paragraph 30, the NWSL acknowledges that the League, and not the League's members who operate teams, employs all players in the League (except U.S. Women's National Team players who are employed by the United States Soccer Federation). The NWSL further acknowledges that the League incurs expenses and liabilities and generates revenues for the League and teams and the League retains ownership over League property, including League and team intellectual property rights. Except as expressly so alleged, the NWSL denies the remaining allegations, and implications from such allegations, in Paragraph 30.

31. In response to the allegations in Paragraph 31, the NWSL acknowledges that Plaintiff's agent contacted the League on Plaintiff's behalf before this action was filed. Except as expressly so alleged, the NWSL denies the remaining allegations, and implications from such allegations, in Paragraph 31.

32. In response to the allegations in Paragraph 32, the NWSL acknowledges that it is a single entity limited liability company and that it is incapable of conspiring with itself as contemplated by the antitrust laws. Except as expressly so alleged, the NWSL denies the remaining allegations, and implications from such allegations, in Paragraph 32.

33. The allegations in Paragraph 33 contain legal conclusions to which no response is required. To the extent that a response is required, NWSL denies the allegations, and implications from such allegations, in that paragraph.

34. The allegations in Paragraph 34 contain legal conclusions to which no response is required. To the extent that a response is required, NWSL denies the allegations, and implications from such allegations, in that paragraph.

35. The allegations in Paragraph 35 contain legal conclusions to which no response is required. To the extent that a response is required, NWSL denies the allegations, and implications from such allegations, in that paragraph.

36. The allegations in Paragraph 36 contain legal conclusions to which no response is required. To the extent that a response is required, NWSL denies the allegations, and implications from such allegations, in that paragraph.

37. The allegations in Paragraph 37 contain legal conclusions to which no response is required. To the extent that a response is required, NWSL denies the allegations, and implications from such allegations, in that paragraph.

38. The allegations in Paragraph 38 contain legal conclusions to which no response is required. To the extent that a response is required, NWSL denies the allegations, and implications from such allegations, in that paragraph.

39. In response to Paragraph 39, the NWSL incorporates herein by reference its responses to Paragraphs 1-38 of the Complaint.

40. The allegations in Paragraph 40 contain legal conclusions to which no response is required. To the extent that a response is required, NWSL denies the allegations, and implications from such allegations, in that paragraph.

41. The allegations in Paragraph 41 contain legal conclusions to which no response is required. To the extent that a response is required, NWSL denies the allegations, and implications from such allegations, in that paragraph.

42. The allegations in Paragraph 42 contain legal conclusions to which no response is required. To the extent that a response is required, NWSL denies the allegations, and implications from such allegations, in that paragraph.

43. The allegations in Paragraph 43 contain legal conclusions to which no response is required. To the extent that a response is required, NWSL denies the allegations, and implications from such allegations, in that paragraph.

44. The allegations in Paragraph 44 contain legal conclusions to which no response is required. To the extent that a response is required, NWSL denies the allegations, and implications from such allegations, in that paragraph.

45. The allegations in Paragraph 45 contain legal conclusions to which no response is required. To the extent that a response is required, NWSL denies the allegations, and implications from such allegations, in that paragraph.

46. The allegations in Paragraph 46 contain legal conclusions to which no response is required. To the extent that a response is required, NWSL denies the allegations, and implications from such allegations, in that paragraph.

47. The allegations in Paragraph 47 contain legal conclusions to which no response is required. To the extent that a response is required, NWSL denies the allegations, and implications from such allegations, in that paragraph.

## GENERAL DENIAL

NWSL denies each and every allegation of the Complaint not expressly acknowledged in this Answer.

## AFFIRMATIVE DEFENSES

NWSL asserts the following affirmative defenses, without assuming the burden of proof or persuasion as to any issue or element that would rest upon Plaintiff.  NWSL does not admit or conceded any element of Plaintiff's claims through these affirmative defenses.  NWSL has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely on additional affirmative and other defenses as may become apparent during discovery in this action.  NWSL reserves the right to amend this Answer and/or its affirmative defenses during discovery and/or if Plaintiff amends her pleadings.

## FIRST AFFIRMATIVE DEFENSE

(Lack of Subject Matter Jurisdiction Pursuant to the Norris-LaGuardia Act)

Plaintiff's claim is barred, in whole or in part, by the Norris-LaGuardia Act which prohibits Federal courts from issuing injunctions in labor disputes absent compliance with the provisions of the Act, which Plaintiff has not even attempted to meet.

## SECOND AFFIRMATIVE DEFENSE

(Immunity Pursuant to Nonstatutory Labor Exemption to Antitrust Laws)

Plaintiff's claims are barred, in whole or in part, by the nonstatutory labor exemption to the antitrust laws.

## THIRD AFFIRMATIVE DEFENSE

(Unilateral Conduct)

Plaintiff's claim fails because the NWSL is a single entity LLC that is incapable of conspiring with itself under *Copperweld Corp. v. Independent Tube Corp.*, 467 U.S. 752 (1984) and its progeny.

## FOURTH AFFIRMATIVE DEFENSE

(No Agreement or Conspiracy)

Plaintiff's claim fails because the alleged conduct does not constitute an agreement or conspiracy to restrain trade under Section 1 of the Sherman Act.

## FIFTH AFFIRMATIVE DEFENSE

(Failure To Define Relevant Market)

Plaintiff's claim fails because it has not plausibly alleged that the "labor market for women professional soccer players in the U.S.," Compl. ¶ 26, is a cognizable antitrust market.

## SIXTH AFFIRMATIVE DEFENSE

(Lack of Market Power)

Plaintiff's claim fails because she has not plausibly alleged, and cannot prove, that the NWSL has market power in a properly defined relevant antitrust market.

## SEVENTH AFFIRMATIVE DEFENSE

(No Harm to Competition)

Plaintiff's claim fails because NWSL's conduct has not unreasonably restrained trade or tended to destroy competition in any relevant market, nor does it threaten to do so.  Indeed, Plaintiff has not even attempted to allege the requisite harm to competition in a relevant antitrust market.

## EIGHTH AFFIRMATIVE DEFENSE

(Conduct Is Procompetitive)

Plaintiff's claim fails because the alleged restraint has actual procompetitive benefits and effects that outweigh any alleged anticompetitive effects.

## NINTH AFFIRMATIVE DEFENSE

(No Antitrust Injury)

Plaintiff's claim fails because she has not suffered the type of injury the antitrust laws are designed to protect, or which flows from anything that would make NWSL's alleged conduct unlawful under the antitrust laws.

## TENTH AFFIRMATIVE DEFENSE

(Failure To Mitigate)

To the extent Plaintiff claims damages stemming from her absence from NWSL game competition at times before the Court's preliminary injunction issued, such damages are the result of Plaintiff's decision to wait and file her lawsuit just days before the NWSL's current season began, after the NWSL's pre-season tournament had begun.  Plaintiff alleges that "[i]f not for the League's policies and practices, O.M. would have been eligible to and would have already signed a professional contract to play for one of NWSL's teams, and could have signed a contract to do so last season." Compl. ¶ 33.  Even assuming the truth of that allegation, Plaintiff's decision to delay initiating her lawsuit until *after the current season had begun* is the reason she did not play in games before this season, or at the beginning of this season, and was the determinant of the timing of her employment by the League.  Plaintiff has made no allegations as to why she could not have filed her lawsuit earlier—and indeed in advance of earlier NWSL seasons—if she was truly ready, willing, and able to play at an earlier time.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Absence of Damages)

Plaintiff's claim should be dismissed because she has suffered no actual injury or damages as a result of the conduct alleged in the Complaint. Contrary to her allegations that she "could have signed a contract [to play in the NWSL] last season," Compl. ¶ 33, Plaintiff has admitted to this Court and publicly to the press that she was not "ready" to play in the NWSL until recently, and in any event, not before or during previous NWSL seasons.

**TWELFTH AFFIRMATIVE DEFENSE**

(Speculative Damages)

Plaintiff's claim should be dismissed because the damages Plaintiff seeks are too speculative and uncertain, and because such alleged damages will be impossible to ascertain. First, Plaintiff's claim that she "would have already signed a professional contract to play for one of NWSL's teams, and could have signed a contract to do so last season" is not supported by *any* evidence in the record. To the contrary, Plaintiff admitted to this Court and publicly to the press that she was not "ready" to play in the NWSL until recently, suggesting her perceived "readiness" is what caused her to bring her lawsuit against Defendant.

Second, the damages Plaintiff claims from "not play[ing] in official games—namely "hindering her growth as a player, making her less valuable to a League member team when she starts playing, reducing the value of potential marketing opportunities, and [ ] delaying her likelihood of being invited to seek a place on the U.S. Women's National team, and making the team, or the U.S. Olympic team," Compl. ¶ 34—are speculative and vague. *See also id*. ¶ 35 (alleging the Age Rule "slow[ed] her development, delay[ed] her improvement, and more generally impede[d] her career"). Whether such goals as joining the U.S. National Team and U.S.

12

Olympic team, or being offered profitable marketing opportunities in the future, become realities depends on myriad unknowable factors including the degree of competition from other players, Plaintiff's rate of growth and development, Plaintiff's maturity and dedication to her sport, and Plaintiff's ability to avoid injury, among others. Plaintiff's claimed damages for slowing the rate at which she might someday achieve these goals are too speculative to be recoverable. Such damages are also unrecoverable because it would be impossible to ascertain what monetary value achieving such goals might have, and how much Plaintiff's absence from a certain number of NWSL games impacted those values.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Lack of Article III Standing and Lack of Antitrust Standing)

Plaintiff's claim must be dismissed because she lacks standing under Article III of the U.S. Constitution because she has not been injured by the alleged conduct. Plaintiff also lacks antitrust standing because she has not pleaded and cannot prove that her alleged injury flows from any competition-reducing aspect of the alleged conduct.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Independent, Legitimate Business, and Economic Justifications)

Plaintiff's claim is barred because all conduct engaged in by the NWSL was lawful, reasonable, carried out in good faith and in furtherance of NWSL's independent, legitimate business and economic interests, and without any purpose or intent to injure competition.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Public Interest)

Granting the relief Plaintiff seeks would be contrary to the public interest. Plaintiff brought her lawsuit after bargaining—including bargaining towards a formal CBA— between

Defendant and its recognized players' union, the NWSL Players Association, had begun over terms and conditions of employment, including the Age Rule Plaintiff seeks to avoid through this lawsuit. Granting Plaintiff's requested relief would allow a single individual to circumvent the bargaining process to obtain employment for just herself on terms not available or bargained for by the remaining NWSL players, while at the same time upsetting the bargaining process designed to benefit the remaining NWSL players. The injunctive relief Plaintiff seeks would be contrary to the public interest in respecting the labor bargaining process, and insulating it from intervention from federal courts for the benefit of one individual.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Reservation of Rights to Assert Additional Defenses)

NWSL further states that it has insufficient knowledge or information upon which to form a basis as to whether it may have additional defenses available, and that changed circumstances could make additional affirmative defenses available and applicable. NWSL reserves the right to amend this Answer to supplement or modify defenses based upon changed circumstances, including the outcome of NWSL and NWSL Players Association's CBA, and based on upon legal theories that may be divulged through clarification of the Complaint, discovery, or further factual or legal analysis of Plaintiff's allegations and contentions in this litigation.

### PRAYER FOR RELIEF

WHEREFORE, Defendant NWSL respectfully requests that the Court enter an Order:

A. Dismissing the Complaint with prejudice;

B. Entering a judgment in favor of NWSL and against Plaintiff on all alleged claims for relief;

C. Awarding NWSL its attorneys' fees and costs; and

D. Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendant demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

Dated: July 21, 2021                           Respectfully submitted,

*/s/ Christopher S. Yates*
**CHRISTOPHER S. YATES** (admitted *pro hac vice*)
Chris.Yates@lw.com
**ELIZABETH H. YANDELL** (admitted *pro hac vice*)
Elizabeth.Yandell@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

**LAWRENCE E. BUTERMAN** (admitted *pro hac vice*)
Lawrence.Buterman@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

**ANNA M. RATHBUN** (admitted *pro hac vice*)
Anna.Rathbun@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

**DAVID H. ANGELI**, OSB No. 020244
david@angelilaw.com
**MICHELLE HOLMAN KERIN**, OSB No. 965278
michelle@angelilaw.com
**PETER HAWKES**, OSB No. 071986
peter@angelilaw.com
**ANGELI LAW GROUP LLC**
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

*Attorneys for Defendant*