**DAVID H. ANGELI**, OSB No. 020244
david@angelilaw.com
**MICHELLE HOLMAN KERIN**, OSB No. 965278
michelle@angelilaw.com
**PETER HAWKES**, OSB No. 071986
peter@angelilaw.com
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

**CHRISTOPHER S. YATES** (admitted *pro hac vice*)
Chris.Yates@lw.com
**ELIZABETH H. YANDELL** (admitted *pro hac vice*)
Elizabeth.Yandell@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

**LAWRENCE E. BUTERMAN** (admitted *pro hac vice*)
Lawrence.Buterman@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

**ANNA M. RATHBUN** (admitted *pro hac vice*)
Anna.Rathbun@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| O.M., by and through her parent and guardian, K.C. MOULTRIE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NATIONAL WOMEN'S SOCCER LEAGUE, LLC,<br><br>　　　　　Defendant. | Case No. 3:21-cv-00683-IM<br><br>**JOINT MOTION TO VACATE ORDERS AND OPINIONS** |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7-1

In compliance with Local Rule 7-1, counsel for Defendant National Women's Soccer League, LLC ("NWSL" or the "League") and counsel for Plaintiff O.M. (collectively, "the Parties") certify that they conferred in good faith and agreed to file the following joint motion.

## JOINT MOTION TO VACATE PRIOR ORDERS AND OPINIONS

The Parties hereby jointly move for an order vacating the following orders and opinions of the Court: (1) Order regarding the Norris-LaGuardia Act, issued May 19, 2021 (ECF No. 45); (2) Opinion and Order granting Plaintiff's temporary restraining order ("TRO"), issued May 24, 2021 (ECF No. 47); (3) Opinion and Order granting Plaintiff's motion for a preliminary injunction, issued June 17, 2021 (ECF No. 88) (collectively, the "Orders"). This Joint Motion is supported by the accompanying Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

On June 21, 2021, Defendant NWSL appealed the Orders to the Ninth Circuit Court of Appeals. *See* ECF No. 94. On June 30, 2021, following arm's length negotiations between the Parties, O.M. and the League executed a Standard Player Agreement with an Addendum and Guaranty, pursuant to which O.M. became employed by the League. *See* Status Report Exs. 1-3, ECF No. 111. On July 3, 2021, O.M. played in her first match for the Portland Thorns in an away match against Racing Louisville FC.

The Parties have since reached a settlement agreement which will, assuming all conditions are met, result in dismissal of this action and the League's appeal, and resolve this dispute in its entirety. Among other things, the settlement agreement requires the Parties to file this stipulated joint motion to vacate the Orders, and is contingent on the Court's vacatur of all three Orders. *See* Settlement Agreement, attached hereto as Exhibit 1 ("If the Court does not

1

vacate the Orders, th[e] Agreement shall be null and void and the parties shall each revert to their positions in the litigation prior to this Agreement.  If the Court does vacate the Orders, [O.M.] will dismiss with prejudice all claims against NWSL asserted in the Antitrust Litigation within 24 hours of entry of the Court's Order vacating the Orders[.]  The League will contemporaneously dismiss its Appeal.").

Federal Rule of Civil Procedure 60(b) grants courts the discretion to vacate an order for certain enumerated reasons, including any "reason that justifies relief."  Fed. R. Civ. P. 60(b)(e).  Because Rule 60(b) governs vacatur of "final" orders, the Rule's Advisory Notes explain that "interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires."  Advisory Notes to Fed. R. Civ. P. 60 (1946).

The Parties' joint request for vacatur is appropriate for several reasons.  First, granting the Parties' Joint Motion gives effect to the terms of the settlement agreement, which is the result of resource-intensive, arms-length negotiations.  Second, by giving effect to the settlement agreement, vacatur will result in the final resolution of this dispute, without further expense, effort or uncertainty, which is the Parties' shared, desired result.  Finally, vacatur will conserve the resources of this Court, as well as those of the Ninth Circuit, because it will effect dismissal of this action and thereby moot the pending appeal.  Vacatur will also preserve the Parties' resources, allowing O.M. and her guardians to focus on her soccer career, and allowing the NWSL to focus on its management of the League and the ongoing season.

Courts regularly exercise their discretion to vacate orders based the parties' agreement to vacatur as part of settlement.  *See, e.g.*, *Charter Oak Fire Ins. Co. v. Interstate Mech., Inc.*, No. 3:10-CV-01505-PK, 2014 WL 9849553, at *1 (D.Or. Jan. 6, 2014) (vacating Opinion and Order

"in accordance with the terms of a settlement agreement reached between [the parties] resolving all claims in this case"); *Central Or. Landwatch v. Jeffries, et al.*, No. 2:17-cv-1091-SU, ECF No. 172 (D.Or. Mar. 16, 2021) (granting joint motion to vacate order based on "the provisions in the Settlement Agreement entered by the parties to this matter"); *UniRAM Tech., Inc. v. Taiwan Semiconductor Manuf. Co. Ltd.*, No. 3:04-cv-1268-VRW, ECF No. 669 (N.D. Cal. Nov. 14, 2008) (granting parties' joint motion to vacate judgment based on terms of the parties' settlement agreement); *Windy City Innovations, LLC v. America Online, Inc*., No. 04-cv-4240, ECF No. 269 at *2 (N.D.Ill. Apr. 24, 2007) (granting motion to vacate order based on settlement because vacatur would "conserve judicial resources, both at the Federal Circuit and district court level, and would conserve the resources of the parties because the matter would be fully resolved[.]").

\* \* \*

For the reasons stated herein and consistent with the provisions of their settlement agreement, the Parties respectfully request that the Court vacate its orders and opinions entered at ECF Nos. 45, 47, and 88.

Dated: July 28, 2021					Respectfully submitted,

<u>s/ Christopher S. Yates</u>
**CHRISTOPHER S. YATES** (admitted *pro hac vice*)
Chris.Yates@lw.com
**ELIZABETH H. YANDELL** (admitted *pro hac vice*)
Elizabeth.Yandell@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

**LAWRENCE E. BUTERMAN** (admitted *pro hac vice*)
Lawrence.Buterman@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY  10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

**ANNA M. RATHBUN** (admitted *pro hac vice*)
Anna.Rathbun@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

**DAVID H. ANGELI**, OSB No. 020244
david@angelilaw.com
**MICHELLE HOLMAN KERIN**, OSB No. 965278
michelle@angelilaw.com
**PETER HAWKES**, OSB No. 071986
peter@angelilaw.com
**ANGELI LAW GROUP LLC**
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

*Attorneys for Defendant*

Dated: July 28, 2021   Respectfully submitted,

MILLER NASH LLP

*s/ Joshua M. Sasaki*
Joshua M. Sasaki (OSB No. 964182)
josh.sasaki@millernash.com
Max L. Forer (OSB No. 161162)
max.forer@millernash.com
Eric R. Mills (OSB No. 194224)
eric.mills@millernash.com
Bruce L. Campbell (OSB No. 925377)
bruce.campbell@millernash.com
Erica A. Clausen (OSB No. 170902)
erica.clausen@millernash.com
Telephone:  503.224.5858
Facsimile:  503.224.0155

– and –

LAW OFFICES OF LEONARD B. SIMON
Leonard B. Simon (CA Lic. No. 58310)
(*admitted pro hac vice*)
lens@rgrdlaw.com
Telephone:  619.818.0644
Facsimile:  619.231.7423

– and –

GUSTAFSON GLUEK PLLC
Dennis Stewart (CA Lic. No. 99152)
(*admitted pro hac vice*)
dstewart@gustafsongluek.com
Telephone: 619.595.3299
Facsimile: 612.339.6622

Michelle J. Looby (MN Lic. No. 0388166)
(*admitted pro hac vice*)
mlooby@gustafsongluek.com
Mickey L. Stevens (MN Lic. No. 0398549)
(*admitted pro hac vice*)
mstevens@gustafsongluek.com
Telephone: 612.333.8844
Facsimile: 612.339.6622

*Attorneys for Plaintiff O.M.*